**Vernon Eugene SMITH, Sr.,**

v.

**Garner Ted ARMSTRONG et al.**

**Civ. A. No. 3–7753–F**

United States District Court,
N. D. Texas,
Dallas Division.

Oct. 29, 1974.

W. Alfred Winder, Fort Worth, Tex., for plaintiff.

S. G. Johndroe III and Howard G. Barker, Forth Worth, Tex., for defendants, Worldwide Church of God, Ambassador College & Cliff Saline.

## OPINION AND ORDER

PORTER, District Judge.

Plaintiff Vernon Eugene Smith, Sr., brought this suit against Garner Ted Armstrong and eight other individual and corporate defendants, alleging a conspiracy to injure his person and his property. Armstrong and five other defendants have not been served with the summons and the complaint; each of the defendants who has been served has filed a Motion to Dismiss challenging the jurisdiction of this Court.

In reading Smith's complaint, the Court has borne in mind the admonition of Rule 8(f) of the Federal Rules of Civil Procedure that "All pleadings shall be so construed as to do substantial justice," because the Plaintiff's allegations are somewhat difficult to follow.

In brief, Smith alleges that his wife of 25 years, Gloria Smith, became interested in the religious organization known as Worldwide Church of God; that the church and certain other defendants influenced his wife to divorce him and live with some ministers of the church organization, including the defendant Larry Walker; additionally that Walker and others induced the Smiths' two sons to become conscientious objectors and caused the mental breakdown of one of the sons, Vernon Eugene Smith, Jr. The list of grievances against the defendants includes an allegation that because of their conspiracy against and harassment of the Plaintiff, he suffered a heart attack and was hospitalized twenty days. A final allegation is that on more than one occasion when Smith attempted to attend church services and other religious meetings of the defendants with his wife and their sons, "the Church refused to admit [the] Plaintiff to said services and bodily threw him out and closed their doors to him . . . ." As damages, Smith has sued for "not less than ten thousand dollars nor more than ten million dollars."

For jurisdiction and a cause of action, Smith relies on 42 U.S.C. § 1985, 28 U.S.C. § 1343(1), section one of the fourteenth amendment to the Constitution of the United States, 42 U.S.C. § 1983, and 28 U.S.C. § 1343(3).

The Defendants Ambassador College, Worldwide Church of God and Cliff Saline maintain that the cited statutes and the fourteenth amendment are inapplicable so that the Court is without jurisdiction, and that Smith has failed to state a claim upon which relief can be granted. For reasons stated below, I find that this Court has jurisdiction under 28 U.S.C. § 1343(1) and that Smith has a cause of action under 42 U.S.C. § 1985; the Motions to Dismiss will be overruled in part and granted in part.

The defendants point out that the face of the complaint shows that Smith is a Texas resident. They have produced an affidavit to the effect that two defendants, Cliff Saline and John Denton, also are residents of Texas, and plead that complete diversity of citizenship required by 28 U.S.C. § 1332 is absent. This is of no importance, however, because Smith has not attempted to invoke this Court's diversity jurisdiction.

Defendants further maintain that 42 U.S.C. § 1983 is not appropriate in this case because the complaint does not allege that the defendants acted under color of state law. I agree and consider further discussion of such an obvious point unnecessary.

Similarly, I agree with the defendants that no cause of action is stated under

section one of the fourteenth amendment, which also deals with state action. State action appears to be completely absent from the acts about which Plaintiff complains.

The defendants also would invoke Texas statutes of limitations, Vernon's Tex. Civ.Stat.Ann. arts. 5524 and 5526, which require certain civil actions to be brought within one year and two years, respectively. At this juncture, I believe the facts are too uncertain to permit me to determine whether or not Smith's suit is barred by limitations. Defendants may wish to investigate this through discovery and raise limitations later.

In their Motions to Dismiss, the defendants insist that 42 U.S.C. § 1985 is inapplicable as a matter of law because they say it deals only with conspiracies relating to:

1. Prevention of any person from accepting or holding office or a place of confidence under the United States.

2. Deterring a party or witness from attendance in a Court of the United States or from testifying in such a Court, etc.

3. Obstruction of justice in any state with the intent to deny equal protection of the laws.

4. Going upon the highway or premises of another in disguise in order to deprive a person of equal protection of the laws or to prevent the state from giving persons equal protection of the law.

5. Preventing any citizen from exercising his lawful right to vote.

The defendants perhaps inadvertently have misquoted part of the statute. It mentions not "going upon the highway or premises of another in disguise," but rather *conspiring or* going "in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . ."

This statute was authoritatively interpreted by the Supreme Court of the United States in Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L. Ed.2d 338 (1971). The Court wrote:

To come within the legislation a complaint must allege that the defendants did (1) 'conspire or go in disguise on the highway or on the premises of another' (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.' It must then assert that one or more of the conspirators (3) did, or caused to be done, 'any act in furtherance of the object of [the] conspiracy,' whereby another was (4a) 'injured in his person or property' or (4b) 'deprived of having and exercising any right or privilege of a citizen of the United States.' 403 U.S. at 102, 103, 91 S.Ct. at 1798.

The Court decisively found that Congress intended § 1985(3) to cover wholly *private* conspiracies, and overruled Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951) in so far as it required state action.

Thus it is necessary to measure Smith's complaint with the *Griffin* yardstick. As to point (1), there can be no question that Smith clearly and repeatedly alleged a conspiracy against him. The complaint complies with requirement (2), in my opinion, although a liberal reading of it is required. I read the complaint as alleging, among other things, that the defendants conspired to deprive Smith of his "equal privileges and immunities" of his privacy, his family life, and his right to worship, among other things. Smith's complaint claims that the defendants furthered their conspiracy, complying with requirement (3) of *Griffin,* through such acts as coercing his wife to divorce him. His injuries (4) are alleged to be the loss of his family, his business and his credit reputation, in addition to the loss of his right as a citizen of the United States to attend church and worship God with his wife and sons.

Thus the complaint has survived the challenge of the Motions to Dismiss.

**368**

However, the Court believes that the case is in unsatisfactory posture, since many of the alleged conspirators have not been served. The Plaintiff should attempt to perfect service; should he decide that he must amend his complaint in order to do so, he will be granted leave to amend.

For the foregoing reasons, it is ordered that the Motions to Dismiss on behalf of the defendants Ambassador College, Worldwide Church of God and Cliff Saline are overruled as to the plaintiff's cause of action under 42 U.S.C. § 1985(3) and his claim of jurisdiction under 28 U.S.C. § 1343(1), and are granted as to all other causes of action and grounds of jurisdiction claimed in the Plaintiff's complaint.

It is further ordered that the defendants named in the preceding paragraph be required to file and serve on the Plaintiff's attorney answers to the complaint within twenty days of the date of this order.