**Vernon Eugene SMITH, Sr.**

v.

**Garner Ted ARMSTRONG et al.**

**Civ. A. No. 3-7753-F.**

United States District Court,
N. D. Texas,
Dallas Division.

July 15, 1975.

Joe James Sawyer, Fort Worth, Tex., for plaintiff.

S. G. Johndroe III and Howard G. Barker, Fort Worth, Tex., for defendants; Rader & Helge, Pasadena, Cal., of counsel.

## OPINION AND ORDER

ROBERT W. PORTER, District Judge.

This civil rights suit is before the Court once again on the Defendants' renewed Motion to Dismiss, which is aimed at the Plaintiff's first amended complaint. The amendment was filed pursuant to this Court's suggestion contained in a previous opinion and order reported at 383 F.Supp. 365 (N.D.Tex. 1974).

After reviewing the amended complaint, the renewed Motion to Dismiss, and the parties' briefs, the Court finds that the complaint must be dismissed. This result is reached because a review of cases interpreting 42 U.S.C. § 1985, upon which the amended complaint is grounded—including some not previously called to the Court's attention—make it undoubtedly clear that the Plaintiff lacks membership in a group or class which is an essential prerequisite to bringing a § 1985 action.

The essence of Plaintiff's amended complaint is that the Defendants (the World Wide Church of God and some of its officers and ministers) conspired and acted to deprive the Plaintiff of certain rights, including his rights to privacy, to a normal and stable family environment, to good health, to worship, to seek and maintain financial stability, and to be secure in his person. It is alleged that the Defendants induced Plaintiff's wife to divorce him and live with ministers of the church. Plaintiff seeks $850,000 in damages.

The key portion of the statute involved is:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . .

42 U.S.C. § 1985(3).

Yet even though the statute refers to "any person," courts have effectively erased that provision and required a plaintiff to demonstrate that he is a member of a class of some sort. In the

words of one court, he must be a member of a group that is either "readily recognizable" or "traditionally protected by the Civil Rights Act." Bricker v. Crane, 468 F.2d 1228, 1233 (1st Cir. 1972), *cert. denied* 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973).

Other circuits have reached the same result since the Supreme Court decided Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

The Tenth Circuit, in affirming the dismissal of a doctor's § 1985 suit against a hospital, wrote:

> Nowhere has Dr. Ward alleged that he was a member of any particular class, racial or otherwise. . . . His failure to show class based discrimination precludes our court from invoking § 1985 jurisdiction.

Ward v. St. Anthony Hospital, 476 F.2d 671, 676 (10th Cir. 1973).

The Sixth Circuit affirmed a summary judgment for defendant school officials in a § 1985 suit brought by a teacher who was not rehired, finding that his allegations of conspiracy failed to state a cause of action under the Civil Rights Act of 1871. Crabtree v. Brennan, 466 F.2d 480 (6th Cir. 1972).

The Fourth Circuit affirmed the dismissal of a § 1985 assault and battery case because the "plaintiffs made no allegations of any class-based motivation on the part of the defendants." Hughes v. Ranger Fuel Corp., 467 F.2d 6 (4th Cir. 1972).

Similarly, the Ninth Circuit affirmed a district court's dismissal of a § 1985 suit in which the plaintiffs were newspaper dealers who had attempted to form a dealers' association. Once again, there was no allegation of racial or class-based motivation by defendants. Arnold v. Tiffany, 487 F.2d 216 (9th Cir. 1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974).

The Fifth Circuit affirmed a dismissal of a § 1985 case by a district court which had withheld its ruling until the Supreme Court decided *Breckenridge, supra.* In a per curiam opinion, the appellate court noted that the plaintiff admitted he was not a member of a racial or other minority group. The court found insufficient for § 1985 purposes the plaintiff's claim that he was a member of a class composed of those who had been "blacklisted" by employers for having filed workmen's compensation claims. Jacobson v. Industrial Foundation of the Permian Basin, 456 F.2d 258 (5th Cir. 1972).

The Plaintiff Smith, in his amended complaint, does not allege that he is a member of any identifiable class, racial or otherwise, that traditionally has been protected by federal civil rights legislation. In a brief opposing the Motion to Dismiss, the Plaintiff offers to prove at trial that "he is but one of many who have been abused and deprived of his family." The brief offers to amend the complaint once again "if the Defendants desire more specific articulation of the class to which Plaintiff belongs. . . . ."

The Court is of the opinion that Mr. Smith, who is white, could not plead or prove membership in any class that would meet the test of *Breckenridge* and its progeny. This Court, having previously, given Mr. Smith the benefit of the doubt, permitted him to replead and has once before found his pleadings to survive only barely a Motion to Dismiss. Subsequently, the issue has been narrowed, and this time the Motion to Dismiss is meritorious.

It is ordered that the Motion to Dismiss be granted, and the Plaintiff's complaint be in all things dismissed on the merits for failure to state a claim upon which relief can be granted.