Jay SMITH, Plaintiff,

v.

Tom GIBSON, Rick Freeman, 3129 Beverage Service, Inc., a Michigan corporation, d/b/a Mister Gibby's Food and Spirits, Berry Lewis and Lawrence Bak, Defendants.

No. 78–40108.

United States District Court,
E. D. Michigan, S. D.

Oct. 20, 1981.

Max Dean, Flint, Mich., for plaintiff.

Thomas C. Stipes, Patrick M. Kirby, Flint, Mich., William E. Molner, Asst. Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

### NEWBLATT, District Judge.

Plaintiff filed a Complaint against the corporation, 3129 Beverage Services, Inc., d/b/a Mister Gibby's Food and Spirits, its owner, manager and two police officers, alleging deprivation of his rights under the Equal Protection clause and the Due Process clause of the Federal Constitution as well as under Michigan law. The action is brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and Michigan Common, Constitutional and statutory law with jurisdiction invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (and 28 U.S.C. § 1332 on one count).[1] Defendants filed Motions to dismiss all counts.

The matter was referred to a Magistrate, and the Magistrate's report and recommendation was filed September 9, 1980. The Magistrate concluded Defendants' Motions for Summary Judgment should be denied only as to Plaintiff's cause of action brought pursuant to 42 U.S.C. § 1983 against Defendants Gibson, Freeman, Bak and Lewis. As to all other causes of action brought by Plaintiff, the Magistrate concludes Defendants met their burden of showing that there is no genuine issue as to any material fact and are entitled to judgment as a matter of law.

Plaintiff filed an objection to the Magistrate's recommendation that the bulk of his Complaint be dismissed. Defendants Berry Lewis and Lawrence Bak, the two police officers, filed objections to the Magistrate's conclusion that the § 1983 claim against them stated a cause of action and that there remained a material question of fact as to their liability. This objection was based primarily on what the Defendants contend was the Magistrate's misperception of the Michigan trespass statute and Defendants Lewis' and Bak's obligations thereunder.

Upon reviewing the Magistrate's report and recommendation, this Court disagrees to the extent that it will grant Summary Judgment on *all* counts. Because the Court invokes a somewhat different analysis, because its decision "goes further" than that of the Magistrate in dismissing the entire action and because certain additional case law is considered, the Court issues this Opinion.

The following statement of facts is adopted from the Magistrate's decision and supported in the record.

On the evening of September 4, 1976, Plaintiff, Jay Smith, a black male, was a patron at Mr. Gibby's Food and Spirits along with another black male, Clifford

---

1. Plaintiff asserts he is a citizen of Maryland and that Defendants are citizens of Michigan. The count regarding common law of Michigan and Michigan Public Accommodation Act, M.C. L.A. § 750.146–147 is the count based on diversity.

Scott. Upon making a routine call to his restaurant, Defendant owner, Tom Gibson was informed of Plaintiff's presence in the bar. Defendant Gibson had previously been advised of Plaintiff's reputation for "pimping"; that is, soliciting women and passing out cards wrapped with money to customers and employees. Gibson was concerned about his business' good will and liquor license. Plaintiff admits to having passed out cards wrapped with money, but denies soliciting females for immoral purposes. At the direction of the owner, Gibson, manager Freeman requested that Plaintiff leave the premises. [Clifford Scott was not asked to leave.] Upon Plaintiff's repeated refusal to leave, Defendant Freeman phoned for police assistance. State troopers Bak and Lewis responded to the call and after speaking with Defendant Freeman approached Plaintiff and Clifford Scott.

The Defendant troopers assert that while they did not anticipate arresting Plaintiff and did not threaten to arrest him, they did ask him to leave and were prepared to talk to Plaintiff until he left voluntarily. Plaintiff maintains that the officers told him he would be trespassing if he did not leave and that they would arrest him.[2]

The Plaintiff instituted this action contending that he was not causing any disturbance, nor committing any illegal act and that the actions described above were taken pursuant to the policy of Defendant 3129 Beverage Service, to exclude persons such as the Plaintiff whom it deemed undesirable. In so doing, Plaintiff claims that Defendants conspired to deprive Plaintiff of public accommodations, equal protection and due process of law by invidiously discriminating against him on the basis of his membership in the class of persons Defendants deem to be undesirable. Plaintiff claims he was escorted from the premises by the Defendant state troopers and was subjected to humiliation, mental anxiety as well as lost esteem, reputation and employment opportunity in the community.[3]

Defendants have moved for dismissal, or in the alternative for Summary Judgment asserting that:

1) Plaintiff is unable to show a conspiracy or a racial or class based invidiously discriminatory animus behind the alleged conspirators' actions as is required under 42 U.S.C. § 1985(3).

[Part (1)]

2) Plaintiff is unable to show the racial discrimination as is required under 42 U.S.C. § 1981.

[Part (2)]

3) Plaintiff does not state a claim for violation of Michigan constitutional, statutory or common law.

[Part (3)]

4) Plaintiff is unable to show the necessary state action as is required under 42 U.S.C. § 1983.

[Part (4)]

PART 1

Title 42 U.S.C. Section 1985(3) provides in relevant part:

"If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; ... the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

The requirements for properly stating a claim under that section have been set out by the Supreme Court in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) and construed by many

---

**2.** Defendants contend that Plaintiff Smith left Gibby's of his own volition (Lewis deposition p. 17)—that is, before the Defendant officers "gathered all the information they needed" to determine what laws Plaintiff might have violated.

**3.** *See* n 2, *supra*.

lower court decisions. *See e. g., McLellan v. Mississippi*, 545 F.2d 919 (CA 5th, 1977); *Taylor v. Brighton*, 616 F.2d 256 (CA 6, 1980). *Griffin* established four elements necessary to state a cause of action under that Section:

1) The Defendants must conspire,

2) For the purpose of depriving, either directly of indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities.

3) The Defendants must act in furtherance of the object of the conspiracy whereby,

4) one was

    a) injured in his person or properties, or

    b) deprived of having and exercising any right or privilege of a citizen of the United States. 403 U.S. at 102, 91 S.Ct. at 1798, 29 L.Ed.2d at 348.

■ Of these requirements, the second— that is the requirement that the Complaint allege that the conspiracy was for the purposes of depriving any person or class of persons of the equal protection of the laws or of equal protection and immunities of the laws, has posed the greatest difficulty in terms of the interpretation and application of the legislation. Under this section, there must be a racial or otherwise class based invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. at 101–102, 91 S.Ct. at 1798. Although Section 1985(3) encompasses class based motivation other than that based on race, it is apparent that the Supreme Court, as well as Congress intended to severely circumscribe those categories of class based motivation. In *Griffin*, the Supreme Court cautioned that Section 1985(3) was not intended to apply to all tortious, conspiratorial interferences with the rights of others. Thus, lower federal courts have required the Plaintiff in a 1985(3) action to be a member of a

clearly defined class. *See e. g., McLellan v. Mississippi, supra; Crabtree v. Brennan*, 466 F.2d 480 (CA 6, 1971); *Ohio Inns, Inc., v. Nye*, 542 F.2d 673 (CA 6, 1979); *Cameron v. Brock*, 473 F.2d 608 (CA 6, 1973); *O'Neill v. Grayson*, 472 F.2d at 1140 (CA 6, 1973); *Taylor v. Brighton, supra*. In an effort to guard against expansion of § 1985(3) to tort liability, lower courts have rejected § 1985(3) claims based on treatment of classes of people which are presumably defined by the actual conduct engaged in by putative class members, or classes which presumably could include everyone. *Taylor, supra*. Instead, the courts insist upon some showing of the basis for invidious animus of the Defendants, or require that the class be clearly defined by some distinct characteristic such as particular beliefs of the putative class members. *See Taylor, supra*.

■ Thus, this troublesome second element of a § 1985(3) action requires that conspirators be motivated by class based animus and encompasses a requirement that there be a clearly defined class along with a showing of the requisite discriminatory motivation and the consequent denial of personal property and/or equal rights. *See Arnold v. Tiffany*, 487 F.2d 216, 218 n.1 (CA 9, 1974) (where requisite improper purpose was inferred from racial or class based motivation/animus and the court therefore deemed it unnecessary to address the question of a properly defined class); *Azar v. Conley*, 456 F.2d 1382, 1385–1386 (CA 6, *Taylor supra* at 265–266 (where the court focussed on the denial of *equal protection* and looked for a class based animus); *Ohio v. Nye, supra*, (where, despite the lower court's conclusion that there was no properly defined class, the Court of Appeals went on to consider the motivation involved).

In this case, Plaintiff openly acknowledges that his claim is not based on racial discrimination.[4] Instead Plaintiff asserts

---

4. In response to the Defendants' Motion, Plaintiff states "Defendants' counsel, may with justification, suspect Plaintiff's race was a factor in the treatment he received, but the class-based invidious treatment arises from his falling with-

in a group of persons that Defendant, bar owner, wished would not patronize his bar, namely, those suspected in engaging in an illegal occupation." *See* Pleading # 27. Furthermore, Plaintiff's own admissions indicate that black

he was discriminated against for being a member of a class of persons deemed undesirable to Defendant.

Plaintiff contends that it was the policy of Defendant 3129 not to allow certain persons, including Plaintiff, to avail themselves of the services, accommodations and facilities of Mr. Gibby's and that "persons such as the Plaintiff" were regarded as undesirable and removed/forced to leave the premises. *See* Complaint ¶¶ 18, 22 and 23.

Defendants assert this does not constitute a class within the meaning of § 1985(3) and that Plaintiff was singled out for his possible illegal conduct in the bar and not on the basis of any class wide characteristic.

■ This Court concludes Plaintiff has not satisfactorily alleged a class of people discriminated against by Defendants and thus, has not alleged the necessary discriminatory animus within the meaning of § 1985(3). Defendants' argument that Plaintiff was singled out for his conduct at Defendants' establishment is persuasive and defeats Plaintiff's § 1985(3) claim.

*ANALYSIS:*

The most recent Sixth Circuit case addressing the pleading requirements set forth in *Griffin* is *Taylor v. Brighton, supra.* In *Taylor,* Plaintiff employees claimed that Defendant employer had engaged in a conspiracy designed to deny all of its employees[5] their constitutional and statutory rights to complain about the employer's alleged safety violations, racial discrimination and labor practices without fear of retaliatory action. In defending the class Plaintiff first asserted that Defendants had conspired to discriminate against all Brighton employees, but in the final analysis, Plaintiffs claimed the conspiracy was aimed at those Brighton employees who exercised the various constitutional and statutory rights. The court rejected a 1985(3) claim holding that Plaintiff's *conduct* was insufficient to define a class under 1985(3). The District Court, relying on *Arnold v. Tiffany, supra*[6] held that the action of Defendants against employees who asserted various employment rights did not merit a finding of class-based animus since the actions of the Defendant were directed at the Plaintiffs because of their particular activities rather than *motivated* by any animus against them as members of the same class.[7]

In upholding the District Court's finding that Plaintiff had not stated a claim under 1985(3), the Court of Appeals in *Griffin* focussed on the requirement that the Defendants conspired to deny Plaintiffs' equal protection under the law and held the asserted class was insufficient since it could include *anyone* who asserted an employment claim. The Court concluded that "a conspiracy to deny *everyone* a given right is not actionable" under § 1985(3). *Taylor, supra* at 266. The Court was careful to distinguish situations in which some motivating hostility is derived from the fact that the Plaintiffs are members of a class against which animus already existed and those in which Plaintiff is injured, not because of membership in some distinct class, but because of some conduct engaged in which is divorced or apart from the asserted class.

In this case, it seems the animus against the proposed class of "suspected pimps" or, more euphemistically, "those suspected of

people were routinely served at the Defendant's establishment. *See* Smith deposition at p. 25. Also note that Clifford Scott, another black accompanying Plaintiff was not asked to leave.

5. Plaintiffs later claimed, to no avail, that the class was composed of those who exercised their statutory/constitutional rights. The court found however, that the potential class was again too broad.

6. In *Arnold,* the alleged class was newspaper dealers alleging Defendants had conspired to violate their right to association in forming and maintaining a newspaper dealers' association. The Court held that the mctivating hostility was directed and derived from the dealer association and was divorced from the fact that there was a class of newspaper dealers.

7. This has been construed as a "subsequent definition of a class" not cognizable under § 1985(3). *See McLellan, supra.* *And See* Magistrate's recommendation.

engaging in illegal activity" and thus, the class itself, arises from and is defined by the activities engaged in by the Plaintiff as one of the alleged members of the purported class.

■ There is no indication of a discriminatory animus directed to Plaintiff's alleged class—just that Plaintiff was singled out for his conduct at Defendant's establishment in much the same way *anyone* exhibiting "illegal conduct" would be singled out. The fact that this illegal conduct engaged in on the Defendant's premises prompted the Defendant to request Plaintiff to leave does not rise to discriminatory animus. The Defendant's conduct was dependent upon the circumstances of the particular Plaintiff in that particular situation.[8]

*PART 2*

Title 42, U.S.C. Section 1981 provides in relevant part:

"All persons ... shall have the same right ... to make and enforce contracts, ... and to the full and equal benefit of all laws and proceeding for the security of persons and property as enjoyed by white citizens."

■ Section 1981 is limited to instances of racial discrimination and since no factual basis for such discrimination is asserted, Plaintiff also fails to state a cause of action under 42 U.S.C. § 1981. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189 (1968) (although *Jones* was concerned with § 1982, it is generally accepted that its limitation of § 1982 to racial discrimination applies equally to § 1981.) *See Runyan v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

8. Note that Plaintiff in his objections to the Magistrate's decision contends that to require him to be a member of a protected class, rather than simply a person, defies the clear language of the various provisions and principles underlying the statute. Plaintiff appears to argue that such a pleading requirement subverts individuality and encourages self group identification and paranoia.

In general response to this argument, the Court can only repeat the oft cited rationale for such requirements as set forth in *Griffin v. Breckenridge, supra*, 403 U.S. at 102–3, 91 S.Ct. 1790 at 1798—that is:

*PART 3*

Similarly, Michigan's constitutional, statutory and common law require some basis for discrimination beyond that stated by Defendant.

Article 1, Section 2 of the Constitution of Michigan 1963 provides in relevant part:

"No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color, or national origin."

■ This includes both a civil rights provision and an equal protection provision. By its express terms, the civil rights provisions of the section applies only to discrimination on the basis of religion, race, color or national origin. *See*, Michigan Constitution of 1963, Art. I § 2; *Schroeder v. Dayton Hudson Corp.*, 448 F.Supp. 910, 915 (1977).

Plaintiff has made no such allegation.

■ As for the equal protection clause section, Michigan case law makes it clear that it was intended to afford the same rights as the Federal equal protection clause, and this entails state action as well as some classification that denies equal protection of the laws. (Thus, invoking an analysis similar to Part (1) of this Opinion.) *See Fox v. Employment Security Commission*, 379 Mich. 579, 153 N.W.2d 644 (1967); *Vaughn v. Chrysler*, 382 F.Supp. 143 (ED Mich. 1974); *Baldwin v. North Shore Estates Ass'n.*, 384 Mich. 42.50–52, 179 N.W.2d 398 (1970).

"The constitutional shoals that would lie in the path of interpreting 1985(3) as a general federal law can be avoided by giving full effect to the constitutional purpose—by requiring as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of a limiting amendment."

*Id. See* also *Taylor* where the Court notes that denial of a right to everyone is not actionable under 1985(3).

■ Thus inasmuch as the Court has found that Plaintiff did not state an equal protection claim under 1985(3), no such claim can be made here.

Similarly, Michigan statutes enacted pursuant to Art. I § 2 also require some specifically designated form of discrimination. The case of *Riegler v. Holiday Skating Rink*, 393 Mich. 607, 227 N.W.2d 759 (1975) held that M.C.L.A. 750.146 and 750.148 should be read together so that the scope of prohibition is restricted to denials of equal accommodations based on race, creed or color. [*See* also *Ferguson v. Gies*, 82 Mich. 358, 46 N.W. 718 (1890).[9]

*PART 4*

Title 42 U.S.C. Section 1983 provides in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress."

It is now clearly established that "by the p'_.in terms of § 1983, two and only two allegations are required in order to state a cause of action under that statute." *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). *See also Parratt v. Taylor,* —— U.S. ——, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

■ First, the Plaintiff must allege that some person has deprived him of a federal right of constitutional dimensions. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law. *Gomez, supra; Parratt, supra* at ——, 101 S.Ct. at 1912.

In this case, Plaintiff has filed his action against the police officers involved as well as the owner and manager of the bar in which the incident occurred. This raises several questions as to the propriety of bringing the action against private individuals and the availability of the good faith defense for all individual Defendants. *See Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *Adickes v. Kress*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142, 151 (1970).[10]

■ Because this Court perceives serious difficulties in Plaintiff's pleading of a cause of action under Title 42 U.S.C. Section 1983 in terms of the first pleading requirement outlined above—deprivation of some federal right and/or a right of constitutional dimensions, it does not deem it necessary to address the question of the requisite state action of the private individuals or the good faith defense.[11]

---

**9.** Note Plaintiff in his objection to Magistrate's report argues that *Riegler v. Holiday* is limited to a statutory interpretation. *But see Ferguson* which addresses the common law.

**10.** The most recent decision on the liability of private persons who allegedly conspired with persons otherwise covered by § 1983 is *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). In *Sparks*, the Supreme Court held that since private parties who conspire with a judge in connection with an official act are acting "under color" of state law within the meaning of 42 U.S.C. § 1983, an action may be maintained against them even though the judge himself is immune from damage liability in a § 1983 action. Thus, private persons, jointly engaged with state officials in a challenged action may be acting "under color" of law for purposes of § 1983 actions.

Note that *Kurz v. State of Michigan*, 548 F.2d 172 (CA 6, 1977), a pre *Sparks* decision which held immunity of state officers barred action against private individuals was cited and implicitly overruled by *Dennis v. Sparks. See* 449 U.S. 24, 27 n.3, 101 S.Ct. 183, 186 n.3, 66 L.Ed.2d 185, 189 n.3. *See* also *Adickes v. Kress*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

**11.** It is Plaintiff's contention that all named Defendants were acting under the guise or authority of state law since the Defendant owner and manager called the police in apparent reliance on the trespass statute and since the defendant officers responded on that basis. The defendant police officers may be entitled to qualified good faith immunity defense per *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), as may be the private individuals. *See Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). The issue of good faith is ordinarily a question of fact within the jury's province. *Downs v. Sawtelle*, 574 F.2d 1, 13 (1st Cir. 1978); *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

Plaintiff alleges violations of his rights as provided for in the equal protection and due process clauses of the Constitution as a result of his detention and eviction under threat of arrest for violation of state trespass statute.

Plaintiff's equal protection claim must fail for the reasons earlier stated. *See* Part 1 of this decision. That is, there has been no showing/allegation that Plaintiff was treated differently or denied equal rights on any basis other than his own conduct on that occasion; conduct which would have resulted in Defendant's taking the same measures had it been engaged in by any other person.

■ As for the due process claim, the question becomes whether Plaintiff has adequately alleged a violation of a civil right which deprives him of due process of law. In this case, Plaintiff asserts that his right to public accommodation was denied. However, the constitutional, statutory and common law bases for such a right provide that the right to accommodate may not be denied on an impermissible basis such as race, etc. Here, the invocation of trespass after notice statute by defendant individuals does not provide a basis for claimed denial of a "right" to remain on the Defendant's premises absent an allegation that he was forced to leave for an impermissible reason. [It should be noted that Plaintiff makes no allegation as to the unconstitutionality of the trespass statute itself.]

Thus, in conclusion, all counts of Plaintiff's Complaint are hereby DISMISSED.

IT IS SO ORDERED.

While the defendant officers contend they were unsure about the substantive violations of Plaintiff at the time, they contend that they properly relied on M.C.L.A. 700.552 since it is a trespass after warning statute and defendant owner and manager had clearly requested that Plaintiff leave the premises.