Charles Franklin VOYLES, Jr., aka
Carol Lynn Voyles, Plaintiff,

v.

RALPH K. DAVIES MEDICAL CEN-
TER, a corporation, Defendant.

No. C–75–0861 SW.

United States District Court,
N. D. California.

Oct. 21, 1975.

Allen J. Berk, N. Jean Wilcox, Cor-
bett, Welden, Kane & Hartman, Oakland,
Cal., for defendant.

Stuart A. Wein, San Francisco, Cal.,
for plaintiff.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

SPENCER WILLIAMS, District Judge.

Plaintiff brings this action seeking injunctive as well as monetary relief under 42 U.S.C. § 2000e *et seq.* for alleged violations of her civil rights caused by defendant terminating plaintiff from its employ.

Prior to January 1975 plaintiff was employed by defendant as a hemodialysis technician. During the last week in January plaintiff informed defendant's director of personnel that she, plaintiff, intended to undergo sex conversion surgery. Shortly thereafter plaintiff was discharged by defendant for the conceded reason that she intended to change sex and that such a change might have a potentially adverse effect on both the patients receiving treatment at the dialysis unit and on plaintiff's co-workers caring for those patients.

Defendant moves to dismiss the action upon the ground that the complaint fails to state a claim upon which relief can be granted. Title 42 U.S.C. § 2000e–2(a)(1) provides in relevant part:

It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to

discriminate against any individual . . . because of such individual's . . . sex . . . . .

 Plaintiff contends that her claims of discrimination based on her transsexualism fall within the purview of this section. It is this Court's opinion, however, that employment discrimination based on one's transsexualism is not, nor was intended by the Congress to be, proscribed by Title VII of the Civil Rights Act of 1964, of which 42 U.S.C. § 2000e–2(a)(1) is part.

Section 2000e–2(a)(1) speaks of discrimination on the basis of one's "sex." No mention is made of change of sex or of sexual preference. The legislative history of as well as the case law interpreting Title VII nowhere indicate that "sex" discrimination was meant to embrace "transsexual" discrimination, or any permutation or combination thereof. Indeed, neither party has cited, nor does research disclose, a single case which holds squarely that Title VII provides redress for claims of the sort raised here.

Furthermore, even the most cursory examination of the legislative history surrounding passage of Title VII reveals that Congress' paramount, if not sole, purpose in banning employment practices predicated upon an individual's sex was to prohibit conduct which, had the victim been a member of the opposite sex, would not have otherwise occurred.[1] Situations involving transsexuals, homosexuals or bi-sexuals were simply not considered, and from this void the Court is not permitted to fashion its own judicial interdictions.

Recognizing this apparent oversight, various members of the House of Representatives have, on three separate occasions during this year alone, introduced as of yet unenacted legislation which would amend § 2000e–2(a) to include "affectional or sexual preference" as additional basis upon which employers are precluded from discharging their employees. HR 166, 94th Cong., 1st Sess. (1975); HR 2667, 94th Cong., 1st Sess. (1975); HR 5452, 94th Cong., 1st Sess. (1975) (HR 5452 was referred to the House Committee on the Judiciary on March 25, 1975, and subsequently referred to the Subcommittee on Civil and Constitutional Rights on March 31, 1975, where its disposition is still pending). Thus, it becomes clear that in enacting Title VII, Congress had no intention of proscribing discrimination based on an individual's transsexualism, and only recently has it attempted to include conduct within the reach of Title VII which is even remotely applicable to the complained-of activity here.[2]

Accordingly,

It is hereby ordered that defendant's motion to dismiss be granted.[3]

---

1. More specifically, it was the economic deprivation then being suffered by *women* which prompted enactment of Title VII's anti-sex discrimination provisions. *Baker v. California Land Title Co.*, 507 F.2d 895, 896 n.2 (9th Cir. 1974).

2. It is unclear whether the House bills mentioned above are intended to cover discrimination of the type here alleged. For in her discussion prefacing the introduction of HR 5452, Representative Abzug spoke of the bill's purpose only in terms of prohibiting discrimination against homosexuals. 121 Cong.Rec.E 1441 (daily ed. Mar. 25, 1975).

3. On September 12, 1975, the Court took testimony concerning the probable adverse impact which plaintiff—if retained as a transsexual—would have had on the staff and patients in defendant's *hemodialysis* unit. Although persuasive evidence was adduced in support of defendant's decision to discharge plaintiff, whether such decision bears a reasonable relationship to some bona fide occupational qualification need not be reached given the instant ruling that discrimination on the basis of sex has not here occurred.