**Sharon M. POWELL a/k/a Michael D. Powell**

v.

**READ'S, INC., a Maryland Corporation.**

**Civ. No. Y–77–624.**

United States District Court,
D. Maryland.

Aug. 30, 1977.

Barbara Mello, Baltimore, Md., John C. Love, Bel Air, Md., for plaintiff.

Barrett W. Freedlander, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Sharon M. Powell, a/k/a Michael D. Powell, born a male and still legally a male, a transsexual presently engaged in a trial venture of living as a woman as a prerequisite to having a sex change operation, claims unlawful sex-based discrimination in employment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–2. Read's, Inc., has moved to dismiss the complaint alleging that the acts alleged, even if proven, fall outside the prohibitions of Title VII.

As Sharon M. Powell, plaintiff applied for a job with defendant as a waitress at its store in Salisbury Mall, Salisbury, Maryland. On September 10, 1976, the first day of employment, plaintiff was fired. The alleged ground of dismissal was the return to employment of the woman plaintiff had been hired to replace. However, plaintiff suggests the real ground was the supervisor's discovery that plaintiff was a man, through the report of a customer who had known plaintiff as a man. Plaintiff asks the Court to declare that employment discrimination directed toward transsexuals violates rights under 42 U.S.C. § 2000e, *et seq.* Defendant argues that discrimination against transsexuals is not a violation of Title VII, and, therefore, that plaintiff has failed to state a claim upon which relief can be granted.

The few decisions in this area clearly support defendant's position. In *Voyles v. Ralph K. Davies Medical Center,* 403 F.Supp. 456 (N.D.Cal.1975), the plaintiff was admittedly discharged from a job as a hemodialysis technician because she intended to undergo sex conversion surgery. In granting the defendant's motion for summary judgment, the Court held that Title VII does not reach situations involving transsexuals, homosexuals or bisexuals and noted the various Congressional efforts to introduce legislation reaching this area as an additional indicator that such individuals are not presently covered by law.

In *Grossman v. Bernards Township Board of Education,* 11 E.P.D. ¶ 686, CCH Employment Practices Decisions (D.N.J.1975) the

plaintiff was discharged from his job as a teacher following a sex change operation. The court dismissed the complaint, finding that Title VII focuses on discrimination because of the *status* of sex or because of sexual stereotyping, rather than on discrimination due to a *change* in sex.

In *Smith v. Liberty Mutual Insurance Company*, 395 F.Supp. 1098 (N.D.Georgia 1975), a male was not hired for a job due to his effeminate behavior. Summary judgment was granted for the employer, with the court holding that discrimination for "affectional or sexual preference" is not discrimination within the meaning of Title VII.

As plaintiff indicates in ¶ 10 of the Complaint, the Equal Employment Opportunity Commission (hereinafter EEOC) also holds that discrimination against transsexuals is not protected by existing law. While the EEOC's conclusion is not binding on the Court, it is one more indication that those who have considered the matter do not find § 2000e *et seq.* susceptible to an interpretation which would embrace transsexuals.

A reading of the statute to cover plaintiff's grievance would be impermissibly contrived and inconsistent with the plain meaning of the words. The court in *Grossman, supra*, noted that the prohibitions against sex discrimination were added to the Civil Rights Act of 1964 at a late stage in the legislative process and lack a background of debate or legislative history, stating:

> In the absence of any legislative history indicating a congressional intent to include transsexuals within the language of Title VII the Court is reluctant to ascribe any import to the term 'sex' other than its plain meaning.

11 E.P.D. at 6884–85. Accordingly, it follows that the Complaint in the instant case does not state a cause of action under the Civil Rights Act of 1964, and this Court has no jurisdiction over the claim.

Plaintiff seeks to distinguish this case from those cited by pointing out various differences in the fact patterns, but the attempted distinctions are insignificant. The gravamen of the Complaint is discrimination against a transsexual and that is precisely what is not reached by Title VII.

The plaintiff's memorandum opposing dismissal appears to suggest a different basis of discrimination than that alleged in the Complaint. Whereas the Complaint seeks relief from discrimination against transsexuals, the memorandum suggests that Read's hires only women for food serving positions and that plaintiff was discharged for being a male, not for being a transsexual. But this is not the basis upon which plaintiff seeks relief.

Accordingly, it is this 30th day of August, 1977 by the United States District Court for the District of Maryland, ORDERED:

That defendant's motion to dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure be, and the same is, hereby GRANTED.