**Raegan Kelly KIRKPATRICK, Plaintiff,**

v.

**SELIGMAN & LATZ, INC. and Associated Dry Goods Corporation, d/b/a Robinson's Florida, Defendants.**

**No. 78–598 Civ. T–K.**

United States District Court,
M. D. Florida,
Tampa Division.

Aug. 27, 1979.

**146**

Jere M. Fishback, Jenkins, Fischer & Brook, St. Petersburg, Fla., for plaintiff.

Orrin M. Gowen, Fisher, Sauls, Adcock, Gowen & Thornton, P. A., St. Petersburg, Fla., for defendants.

## ORDER

KRENTZMAN, District Judge.

This matter is before the Court for consideration of defendants' motion to dismiss and plaintiff's motion to strike defendants'

response to plaintiff's brief in opposition to defendants' motion to dismiss.

The motion to strike is DENIED.

The allegations of the complaint are accepted by the Court in considering the motion to dismiss.

Plaintiff seeks declarative, monetary, and injunctive relief for alleged civil rights violations under 42 U.S.C. § 1985(3).

Plaintiff was an employee in a beauty salon operated by defendant Seligman & Latz, Inc. ("S & L") on the premises of a department store operated by defendant Associated Dry Goods Corp. ("Robinson's"). In the latter part of April, 1978, plaintiff informed S & L that, pursuant to doctor's orders and in preparation for "surgical sex reassignment," she [1] was required to live as a female. Plaintiff was biologically male at that time and apparently had previously dressed as such.

Representatives of both defendants met with plaintiff and stated that plaintiff would be terminated from employment if plaintiff did not dress and act as a man while at work. Plaintiff refused to comply with defendants' requirements and was terminated during the latter part of May, 1978.

Count I of the complaint alleges that defendants conspired to deny plaintiff rights guaranteed her, as a woman, under the Constitution and laws of the United States.

Count II alleges that defendants conspired to deny plaintiff rights guaranteed to her, as a transsexual employee, under the Constitution and laws of the United States.

Count III presents claims, under pendant jurisdiction, that defendants represented that plaintiff's continued employment was not dependent on her continuing to be male and that she relied on these representations to her detriment.

Although defendants' motion to dismiss alleges both lack of jurisdiction and failure

---

1. Plaintiff is referred to by feminine pronouns for reasons of convenience. No finding is made that plaintiff is female or would be female after completion of the reassignment procedures.

to state a claim, it is clear that the Court has jurisdiction if a claim is stated under § 1985(3).

 Plaintiff does not allege directly what defendants conspired to do. However, the nature of a § 1985(3) suit requires that the conspiracy be to deprive someone of the equal protection of the laws, or of equal privileges and immunities under the laws. § 1985(3) and *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Plaintiff must be alleging that defendants' refusal to allow her to continue working while dressing and acting as a woman denies her equal protection, or equal privileges and equal immunities.

There is no allegation that any others, who are biologically men, are protected, privileged, or immune, so as to have a right to work while dressed and acting as women (or vice versa). Therefore, plaintiff has failed to allege any manner in which she is treated other than as all other (biological) men are.

Plaintiff's claim seems to be that she is discriminated against in that she is treated differently from other women. Transsexuals are not a "suspect class" for purposes of equal protection analysis. *Holloway v. Arthur Anderson & Co.,* 566 F.2d 659, 663 (9th Cir. 1977). Clearly there is a rational basis for an employer's requiring its employees who deal with the public to dress and act as persons of their biological sex: allowing employees to do otherwise may disturb the customers and cause them to take their business elsewhere. *See, Holloway, supra,* at 661 n. 1; *Voyles v. Ralph K. Davies Medical Center,* 403 F.Supp. 456 (N.D.Cal.1975).

Plaintiff has failed to allege a conspiracy to deprive her of equal protection or equal privileges and immunities. Therefore, she has failed to state a cause of action on which relief may be granted, in Counts I and II. Plaintiff's failure to state an independent federal claim prevents the Court from exercising pendant jurisdiction over Count III.

Defendants' motion to dismiss is GRANTED. The complaint is hereby DISMISSED. Plaintiff shall have thirty days from the date of this order for the filing of an amended complaint which states a claim upon which this Court might grant relief. Otherwise, this complaint shall stand dismissed.

IT IS SO ORDERED at Tampa, Florida, this 27 day of August, 1979.