ROBERT MACAULEY *vs.* MASSACHUSETTS COMMISSION
AGAINST DISCRIMINATION.

Suffolk. September 13, 1979. — November 29, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Anti-Discrimination Law,* Homosexuality, Sex. *Massachusetts Commis-
sion Against Discrimination,* Jurisdiction. *Words,* "Sex."

Upon a complaint filed with the Massachusetts Commission Against Dis-
crimination by an individual alleging that he was discriminated
against in his employment because of his homosexuality, this court
ordered entry of judgment in the Superior Court declaring that the
commission has no jurisdiction under G. L. c. 151B, § 4 (1), over com-
plaints based on the sexual preference of the employee, declining to ex-
tend the scope of the statutory prohibition of discrimination "because
of . . . sex" to discrimination other than between men and women.
[280-282]

CIVIL ACTION commenced in the Superior Court on May
17, 1978.

The case was reported to the Appeals Court by *DeGug-
lielmo,* J., a Municipal Court judge sitting under statutory
authority. The Supreme Judicial Court granted a request
for direct review.

*Robert Emmet Dinsmore* for the plaintiff.

*Jeffrey J. Binder* for the defendant.

*John P. Ward,* for Gay & Lesbian Advocates & Defend-
ers, Inc., amicus curiae, submitted a brief.

BRAUCHER, J. The plaintiff filed a complaint with the
Massachusetts Commission Against Discrimination (MCAD)
alleging that he was discriminated against in his employ-
ment because of his homosexuality. The MCAD returned
the complaint "because of lack of jurisdiction," stating that

G. L. c. 151B, § 4, "does not include sexual preference." The plaintiff brought this action for declaratory and injunctive relief to resolve "the issue of whether Defendant has jurisdiction over complaints of discrimination on the basis of sexual preference" pursuant to G. L. c. 151B, § 4 (1). On the request of both parties the case was reported without decision pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974), and we allowed their joint application for direct appellate review. We uphold the view of the MCAD, and direct the entry of a judgment declaring the rights of the parties accordingly.

Under G. L. c. 151B, § 4 (1), it is an "unlawful practice" for an employer, "because of the race, color, religious creed, national origin, sex, age, or ancestry of any individual," to discriminate against "such individual" in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification. The word "age" was inserted by St. 1950, c. 697, § 6; the word "sex" was inserted by St. 1965, c. 397, § 4, the year after Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e(15) (1976), listed "sex" as a protected category.

Contrary to the plaintiff's argument, it is established that the statute protects people only against the defined unlawful practices. "It does not protect against all instances of arbitrary action or from poor managerial judgment." *Wheelock College* v. *MCAD*, 371 Mass. 130, 137 (1976). See *School Comm. of Braintree* v. *MCAD*, 377 Mass. 424, 428 (1979). To show an "unlawful practice," the plaintiff must show discrimination "because of" his classification in one of the listed categories. In the present case it is not suggested that any listed category is relevant except "sex."

The question remains whether the plaintiff's complaint alleged discrimination "because of" his "sex." The position of the MCAD is that it would entertain a complaint that an employer had discriminated against a male homosexual employee by treating him less favorably than a female homosexual employee. But, according to the MCAD, the statute would not apply to a complaint that a male homosexual employee was treated less favorably than a female heterosexual

employee because of a romantic attachment to a male non-employee. The record before us presents neither issue, and we express no opinion on either.

The MCAD also supplied us with a copy of its decision in *Mavro* v. *University Cinema Assocs., Inc.*, MCAD No. 73-Emp. 129, June 4, 1976. There the MCAD disapproved the decision of a single commissioner that the employer's discharge of a female employee because of her homosexuality violated G. L. c. 151B, § 4 (1). But the decision in favor of the employee was upheld on the ground that she was held to a standard of personal appearance which was not applied to male employees. We express no opinion as to that decision.

The present case is argued straightforwardly on the issue whether discrimination against homosexuals is covered by the statute, in the absence of any discrimination between men and women. As a matter of literal meaning, discrimination against homosexuals could be treated as a species of discrimination because of sex. We treat distinctions based on pregnancy as distinctions based on sex, calling them "sex-linked." *Massachusetts Elec. Co.* v. *MCAD,* 375 Mass. 160, 167 (1978). In a somewhat different sense, homosexuality is also sex-linked. A prohibition of discrimination against homosexuals might not be out of harmony with G. L. c. 151B; the MCAD informs us that it strongly supported 1977 House Doc. No. 3676, "a bill to prohibit discrimination in public employment because of an applicant or employee's sexual preference."

But we do not think we are free to supply our own reading of the statutory language or our own view of what the policy should be. We know that the widespread discussion of sex discrimination in recent years has focused on discrimination between men and women. The uniform interpretation of statutes prohibiting discrimination in employment because of sex has limited the statutes to discrimination between men and women. Discrimination based on sexual preference has been excluded. *Smith* v. *Liberty Mut. Ins. Co.*, 569 F.2d 325, 326-327 (5th Cir. 1978). *Gay Law Students Ass'n* v. *Pacific Tel. & Tel. Co.*, 24 Cal. 3d 458,

489-492 (1979).  EEOC Dec. 76-75, 2 CCH Empl. Prac. Guide par. 6495 (1976).  Cf. *Holloway* v. *Arthur Andersen & Co.,* 566 F.2d 659, 661-663 (9th Cir. 1977) (discrimination against transsexuals); *Voyles* v. *Ralph K. Davies Medical Center,* 403 F. Supp. 456, 457 (N.D. Cal. 1975), aff'd mem., 570 F.2d 354 (9th Cir. 1978) (same); *Powell* v. *Read's, Inc.,* 436 F. Supp. 369 (D. Md. 1977) (same).  If the scope of the statute is to be extended, it must be done by legislation.

The plaintiff also argues that he has been deprived of various constitutional rights.  Unless the MCAD has been given jurisdiction to vindicate those rights, however, there is no controversy between the parties with respect to those rights.  We therefore express no opinion thereon.

The case is remanded to the Superior Court.  A judgment is to enter declaring that the MCAD has no jurisdiction under G. L. c. 151B, § 4 (1), over complaints of discrimination in employment based on the sexual preference of the employee.

*So ordered.*