**Raegan Kelly KIRKPATRICK,**
**Plaintiff-Appellant,**

v.

**SELIGMAN & LATZ, INC. and Associated Dry Goods Corporation, d/b/a Robinson's Florida, Defendants-Appellees.**

No. 79–3583.

United States Court of Appeals,
Fifth Circuit.
Unit B

Feb. 12, 1981.

Jere M. Fishback, St. Petersburg, Fla., for plaintiff-appellant.

Fisher, Sauls & Adcock, Orrin M. Gowen, St. Petersburg, Fla., for defendants-appellees.

Before TUTTLE, TJOFLAT and KRAVITCH, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal by a transsexual plaintiff from a Rule 12(b) dismissal of her [1] suit against her former employer alleging employment discrimination under 42 U.S.C. § 1985(c).

The complaint alleged that between November, 1977, and January 1978, appellant informed her supervisors at the beauty salon where she was employed that she was preparing to undergo a "medically supervised sex reassignment process" from male to female. In preparation for this operation, she was directed by her physician to "live as a female." When Kirkpatrick, then known to the defendants as "Robert" Kirkpatrick, began to wear female attire, representatives from the beauty salon and the department store within which the beauty salon was located informed her that she must wear male clothing and that refusal to do so would be grounds for termination. She refused to do so, and was discharged in the latter part of May, 1978.

Kirkpatrick subsequently filed this suit under § 1985(c), claiming that her employer had conspired to deny her her rights guaranteed as a woman under the Constitution

---

1. Appellant is referred to by the feminine pronoun because her suit was filed at a time that the sex reassignment process had been completed and she was entitled, if she wished, to identify herself as a female as she has done in the filing of the complaint.

in Count I and as a "transsexual" in Count II. In addition, appellant alleged a pendant jurisdiction claim based on state laws forbidding discrimination against women.

The district court granted the defendant's motion to dismiss on the grounds that appellant had failed to allege a conspiracy to deprive her of equal protection or of equal privileges and immunities as is required under a § 1985(c) action. The court found that transsexuals are not a suspect class and that, therefore, Count II also failed to allege facts upon which relief might be granted. Finally, the court dismissed the pendant claim on the ground that the plaintiff's failure to state an independent federal claim prevented the court from exercising pendant jurisdiction over the state law claims. Appellant does not complain of this action by the trial court dismissing Count III because of its having disposed of Counts I and II in like manner.

We affirm the dismissal by the trial court; but without reaching several of the issues sought to be raised by the appellant here, 475 F.Supp. 145.

## COUNT I

■ The appellant's principal contention with respect to the dismissal of Count I of the complaint is that the trial court's decision that the complaint failed to allege a state of facts upon which relief could be granted to her as a woman constituted a finding of fact by the trial court. The fact determination which appellant claims the court made was that appellant was a male when she claimed to be a female. Such fact determination, of course, could not be made by the court in ordering a dismissal under Rule 12(b).

The trial court was clearly correct in dismissing the claim sought to be alleged under Count I. The Count expressly alleged that the proposed "sex reassignment process" was "from male to female." It was thus incontestible that, as the trial court found, Kirkpatrick was a "male" at the time he or she started wearing female garb. The court thus properly concluded that the employer's refusal to permit this course of conduct did not discriminate against Kirkpatrick as a woman, the basis of the charge under Count I.

■ Appellant's contention that she stated a cause of action in Count I of the complaint proceeds on the assumption that if the trial court had found her to be a woman at the time of the criticized conduct by the employer, she would be entitled to relief under § 1985(c).[2] As all are aware, the Supreme Court has construed this section as limiting its availability to serve as a vehicle for a suit to those persons who are members of what has now become known as a "suspect" class.

> The language requiring intent to deprive of equal protection or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class based, invidiously discriminatory animus behind the conspirator's action.

*Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

The appellant contends that sex is a suspect class like race or religion, citing the Court of Appeals decision in *Great American Federal Savings & Loan Assoc. v. Novotny*, 584 F.2d 1235, *vacated on other grounds by the Supreme Court*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). We conclude that we need not reach this issue, because, as we have stated above, we

**2.** This section provides as follows:

If two or more persons in any state or territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws; or of equal privileges and immunities under the laws; ... in any case of conspiracy set forth in this Section, if one or more persons engages

therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury of deprivation, against any one or more of the conspirators.

conclude that the complaint did not allege a sex discrimination case against the defendant in Count I of the complaint. It is significant that the Court in *Novotny* pretermitted coming to grips with this question. It stated: "It is unnecessary for us to consider whether a plaintiff would have a cause of action under § 1985(c) where the defendant was not subject to suit under Title VII or a comparable statute." 442 U.S. 366, 370, n.6, 99 S.Ct. 2345, 2348, n.6, 60 L.Ed.2d 957.

## COUNT II

■ In this count of the complaint, the plaintiff did not allege a course of conduct which would be in violation of Title VII. Instead, she alleged that the conduct of the employer in requiring her to wear male clothing when she was a transsexual, amounted to a "conspiracy designed and intended to deny and deprive transsexuals as a class, particularly plaintiff, of rights guaranteed to all under the Constitution and laws of the United States." In order to prevail on this cause of action, the plaintiff must, of course, meet the requirements of *Griffin v. Breckenridge, supra,* by demonstrating that she was a member of a "suspect class" and that the acts of the employer amounted to a discrimination against her as a member of the class. The defendants point to the Ninth Circuit decision in *Holloway v. Arthur Anderson & Co.,* 566 F.2d 659 (9th Cir. 1977), as authority for their contention that transsexuals are not a suspect class. This was the decision made by the district court in the case before us. The appellant prefers the dissenting opinion by Judge Goodwin, 566 F.2d at 664.

We conclude that we do not need to reach the question of whether transsexuals are a suspect class, because we conclude that this complaint nowhere alleged conduct by the defendants that discriminated against such a class or against the plaintiff *qua* transsexual.

■ The complaint did not allege that she had been discharged because she was a transsexual. Neither did it allege any other basis for charging the employers with bias or discrimination against the plaintiff because she was a member of the class. The only charge of improper conduct made in the complaint is the charge that the defendants would not permit her to wear the clothing of a female at a time when, by her complaint, she acknowledged that she was a male. Such a complaint can be compared with the complaint in *Arnold v. Tiffany,* 487 F.2d 216 (9th Cir. 1973). In that case, 17 of the 400 independent news dealers who distributed the Los Angeles Times, filed a § 1985(c) claim alleging that the Times officers intimidated, harassed and coerced them from exercising their right to organize an association to deal with the newspaper with respect to the contracts which, up to that time had been made by the defendants with each individual dealer. Following dismissal of the complaint on the ground that the complaint failed to allege a suspect class of the newspaper dealers, the case was appealed to the Court of Appeals which affirmed the trial court's order of dismissal, but on different grounds. The Court there said:

> The appellants are seventeen of these dealers who allege that the appellees conspired to violate their right of association in forming and maintaining a newspaper dealers' association. The flaw appears in the appellant's syllogism when the "animus" alleged herein is compared to that in *Griffin.* There the motivating hostility was derived from the fact that the plaintiffs were black, members of a racial class against which animus existed, and that the defendants believed them to be civil rights organizers. But here, the appellants were not injured because they were newspaper dealers, the class alleged, but because of their activities in attempting to maintain a dealer association. The animus is directed at and derived from the dealer association and is divorced from the fact that there is a class of newspaper dealers.

487 F.2d at 218.

Here, as in the Los Angeles Times case, there is no allegation of animus towards transsexuals as a class or against the plaintiff as a member of the class. The animus,

if any is alleged, is directed towards the conduct of the plaintiff in violating the store's dress code, regardless of her membership in a class of transsexual persons. This simply does not satisfy the requirements of *Griffin v. Breckenridge, supra,* which the Court found necessary to prevent § 1985(c) from becoming a general federal tort law.

We, thus, are not required to reach the question whether, if upon being notified by the plaintiff that she was a transsexual she had been fired out of hand for that reason, the complaint would have stated a cause of action. That is clearly not what happened in this case.

The judgment is AFFIRMED.